# NO. 12-22-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WAYNE EAST,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael Wayne East appeals his conviction for aggravated sexual assault of a child. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by information[1] with aggravated sexual assault of a child.[2] He and the State reached an agreement that Appellant would face a maximum imprisonment term of thirty years.[3] Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

---

[1] The parties appear to agree that Appellant was indicted on these allegations, subsequently waived his right to be accused by indictment, and requested that his case be presented by information. *See* TEX. CODE CRIM. PROC. ANN. art. 1.141 (West 2005).

[2] A first-degree felony punishable by imprisonment for a term of life, or not more than ninety-nine years or less than five years, and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West 2019); 12.32 (West 2019).

[3] The remaining agreement terms, if any, do not appear in the appellate record.

At trial, the evidence showed that Appellant lived with his daughter, his daughter's boyfriend and child,[4] Shawna Mohnkern, Mohnkern's daughter and son from a previous relationship, and Appellant and Mohnkern's three daughters. One night, Appellant was listening to music in the family's van in the driveway when Mohnkern's son, thirteen-year-old R.M., entered the van.

According to R.M., he entered the van to listen to music with Appellant. At some point, Appellant had R.M. lower his pants and performed oral sex on him. Subsequently, R.M. went inside the house and told Mohnkern that Appellant was sexually abusing him and he could not take it anymore. Mohnkern sent R.M. back to the van so she could witness the abuse. Appellant again performed oral sex on R.M., and Mohnkern caught him in the act. R.M. suggested that they report the offense to a police officer who was parked nearby. She declined but took R.M. to the hospital the next morning. Eventually, R.M. was adopted by another couple.

Mohnkern's testimony corroborated R.M.'s story. Additionally, she testified that she was initially shocked by R.M.'s allegations but believed him. After she saw Appellant performing oral sex on R.M., she and the children stayed at the house overnight while Appellant remained on the property, either in the house or the van. Mohnkern stated that R.M. did not change clothes before going to the hospital because she instructed him not to shower. Because of Mohnkern's actions in this case, she lost custody of all her children.

In Appellant's police interview, he claimed that his three youngest daughters previously hit R.M.'s privates and caused a knot to form. In the van that night, Appellant asked R.M. whether the girls were still hitting him, and he said, "Yes. That knot feels like it's getting bigger." According to Appellant, R.M. lowered his pants, Appellant leaned over to view the knot, and Mohnkern opened the door and accused him of abuse.

At the hospital, the sexual assault nurse examiner collected evidence swabs from R.M.'s penis and underwear. Subsequent testing of one of the underwear swabs revealed a DNA profile that was interpreted as a mixture of DNA from four individuals, with R.M. as an assumed contributor. Testing of one of the penile swabs revealed a DNA profile that was interpreted as a mixture of DNA from two individuals, with R.M. as an assumed contributor. Appellant could not be excluded as a contributor to either profile.

---

[4] Some testimony conflicted regarding whether the boyfriend and child lived in the home.

The trial court found Appellant "guilty" as charged and ordered a presentence investigation report. After a bench trial on punishment, the court assessed his punishment at imprisonment for a term of twenty years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and found no arguable grounds for appeal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[5]

Appellant contends in his pro se response that (1) his Texas and United States constitutional rights were violated because the search warrant affidavit for his saliva contains an incorrect birth date and driver's license number, (2) Mohnkern perjured herself, (3) Appellant's trial counsel was ineffective, (4) R.M.'s impact statement was improperly influenced, (5) the State failed to thoroughly investigate the DNA evidence, (6) R.M.'s testimony contains inconsistencies, and (7) the State failed to prove its case beyond a reasonable doubt.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

### CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for

---

[5] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

consideration with the merits. Having done so and finding no reversible error, we **grant** counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-22-00117-CR**

**MICHAEL WAYNE EAST,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court
of Henderson County, Texas (Tr.Ct.No. CR22-0039-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*